ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| NAYDA C. CABRERA AGUIRRE<br>**Parte recurrida**<br><br>v.<br><br>JOSÉ JUAN COTTO RIVERA<br>**Parte peticionaria** | **TA2026CE00559** | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Guayama<br><br>Caso núm.:<br>**SA2022RF00029**<br><br>Sobre:<br>Alimentos |

Panel integrado por su presidente, el juez Sánchez Ramos, el Juez Pérez Ocasio y la juez Trigo Ferraiuoli

Pérez Ocasio, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 21 de mayo de 2026.

Comparece ante nos, José Cotto Rivera, en adelante, José Cotto Rivera, en adelante, Cotto Rivera o peticionario, solicitando que revisemos la *"Resolución"* emitida por el Tribunal de Primera Instancia, Sala Superior de Guayama, en adelante, TPI-Guayama, el día 23 de enero de 2026. En la misma, el Foro Recurrido declaró *"No Ha Lugar"* la solicitud de rebaja de pensión alimenticia.

Por los fundamentos que expondremos a continuación, **desestimamos** *por falta de jurisdicción.*

### I.

El 25 de noviembre de 2022, Nayda Cabrera Aguirre, en adelante, Cabrera Aguirre o recurrida, presentó una *"Demanda en Solicitud Custodia Monoparental y de Alimentos"* contra Cotto Rivera, con quien procreó al menor JJCC.[1] Luego de los procedimientos de rigor, el TPI-Guayama emitió una *"Sentencia"* el 27 de octubre de 2023, en la que ordenó al peticionario a pagar

---

[1] Apéndice del recurso, Anejo 1.

una pensión alimentaria a razón de $1,136.00 mensuales, a favor de JJCC.[2]

Posteriormente, el 28 de mayo de 2025, Cotto Rivera solicitó la revisión del monto en concepto de pensión alimentaria.[3] Habiendo determinado justa causa para la petición de revisión, el 30 de mayo de 2025 el TPI-Guayama refirió el asunto a la Examinadora de Pensiones Alimenticias, en adelante, EPA.[4]

La EPA rindió su informe al respecto el 20 de enero de 2026.[5] Así, el **23 de enero de 2026**, el Foro Recurrido notificó la *"Resolución"* mediante la cual declaró *"No Ha Lugar"* la petición de revisión de pensión alimentaria.[6]

Por su parte, el **10 de febrero de 2026**, Cotto Rivera solicitó reconsideración.[7] El 16 de marzo de 2026, Cabrera Aguirre se opuso a la petición de reconsideración.[8] Finalmente, el 7 de abril de 2026, el TPI-Guayama notificó una *"Resolución"* declarando *"No Ha Lugar"* la reconsideración de Cotto Rivera.[9]

Inconforme, el **6 de mayo de 2026**, el peticionario recurrió ante esta Curia mediante recurso de *"Certiorari"*. En su escrito, hizo el siguiente señalamiento de error:

> **Erró el tribunal de primera instancia (TPI) al declarar no ha lugar una solicitud de rebaja de pensión alimenticia haciendo abstracción de la realidad fáctica del compareciente, su salud y capacidad económica poniendo en riesgo la vida del compareciente.**

El 8 de mayo de 2026, emitimos una *"Resolución"* en la que concedimos un término de quince (15) días al peticionario para mostrar causa por la que no se deba desestimar su recurso, habiendo solicitado la reconsideración ante el TPI-Guayama fuera

---

[2] Apéndice del recurso, Anejo 3.
[3] *Íd.*, Anejo 4.
[4] *Íd.*, Anejo 5.
[5] *Íd.*, Anejo 10.
[6] *Íd.*, Anejo 11.
[7] *Íd.*, Anejo 12.
[8] *Íd.*, Anejo 14.
[9] *Íd.*, Anejo 16.

del término proscrito para ello. Esto, a la luz de lo dispuesto en la Regla 49(A) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 68, 215 DPR __ (2025).

El 13 de mayo de 2026, Cotto Rivera compareció ante nos mediante *"Escrito al Expediente Judicial"*. Evaluada la petición de *certiorari,* y prescindiendo de la comparecencia de la parte recurrida al amparo de la facultad conferida por la Regla 7(B)(5) de nuestro Reglamento,[10] *supra,* procedemos a expresarnos.

## II.

### A. Certiorari

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. *Allio v. Santiago Chardón,* 2026 TSPR 13, 217 DPR ___ (2026); *Rivera et al. v. Arcos Dorados et al.,* 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce de León v. AIG,* 205 DPR 163, 174-175 (2020).

Ahora bien, tal discreción no opera en lo abstracto. Con respecto a lo anterior y para revisar los dictámenes interlocutorios del Tribunal de Primera Instancia, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone, en su parte pertinente, lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de este apéndice o de la denegatoria de una moción de carácter dispositivo. No obstante, y por

---

[10] Esta regla nos permite "prescindir de términos no jurisdiccionales, escritos, notificaciones o procedimientos específicos en cualquier caso ante [nuestra] consideración, con el propósito de lograr su más justo y eficiente despacho [...]". Reglamento del Tribunal de Apelaciones, *supra.*

excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión.

[. . .]

Según se desprende de la citada Regla, este foro apelativo intermedio podrá revisar órdenes interlocutorias discrecionalmente, cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia o que revistan interés público, o en aquellas circunstancias en las que revisar el dictamen evitaría un irremediable fracaso de la justicia, entre otras contadas excepciones. *Allio v. Santiago Chardón,* supra; *Mun. de Caguas v. JRO Construction,* 201 DPR 703, 710-711 (2019).

Luego de auscultar si el recurso discrecional cumple con las disposiciones de la Regla 52.1 de Procedimiento Civil, supra, el tribunal procederá a evaluar el recurso a la luz de la Regla 40 del Reglamento del Tribunal de Apelaciones, supra. La mencionada Regla expone los criterios que esta Curia deberá considerar para ejercer sabia y prudentemente su decisión de atender o no las controversias ante sí. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96-97 (2008). Véase, además, *Rivera et al. v. Arcos Dorados et al.*, supra, pág. 209; *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020).

Así, la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, funge como complemento a la Regla 52.1 de Procedimiento Civil, supra. *Torres González v. Zaragoza Meléndez*, supra. La precitada Regla dispone lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> *In re Aprob. Enmdas. Reglamento TA*, supra, pág. 63; *Allio v. Santiago Chardón*, supra; *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023).

Sin embargo, ninguno de los mencionados criterios es determinante por sí solo para este ejercicio y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97. (Énfasis omitido).

Nuestro Tribunal Supremo ha expresado también que, de ordinario, el tribunal revisor "no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial". *W.M.M., P.F.M. et al. v. Colegio*, 211 DPR 871, 902-903 (2023); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000). *Zorniak Air Servs. v. Cessna Aircraft Co.*, 132 DPR 170, 181 (1992), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

### B. Reconsideración

Es harto conocido que los foros judiciales tienen la facultad de reexaminar o reconsiderar sus dictámenes, siempre que ostenten la jurisdicción sobre el caso. *Div. Empleados Públicos UGT v. CEMPR*, 212 DPR 742, 748 (2023); *Pueblo v. Rivera Ortiz*, 209 DPR 402, 422-423 (2022); *Pueblo v. Silva Colón*, 184 DPR 759, 778 (2012).

El mecanismo procesal de la moción de reconsideración fue introducido en nuestra jurisdicción en el 1937, mediante el Código de Enjuiciamiento Civil de 1904. Ley Núm. 67 de 8 mayo de 1937, la cual enmendó el Art. 292 del Código de Enjuiciamiento Civil, 32 LPRA ant. sec. 1251. El propósito de este mecanismo es permitirles a los tribunales rectificar cualquier error cometido en sus determinaciones. *Div. Empleados Públicos UGT v. CEMPR*, supra, pág. 748; *Mun. Rincón v. Velázquez Muñiz y otros*, 192 DPR 989, 995 (2015); *Morales y otros v. The Sheraton Corp.*, 191 DPR 1, 7 (2014); *Interior Developers v. Mun. de San Juan*, 177 DPR 693, 701 (2009); *Lagares v. E.L.A.*, 144 DPR 601, 612 (1997).

La Regla 47 de Procedimiento Civil, *supra*, es la disposición estatutaria que regula esta función judicial. Con relación a las

solicitudes de reconsideración, la precitada Regla dispone lo siguiente:

> La parte adversamente afectada por ***una orden o resolución*** del Tribunal de Primera Instancia podrá presentar, dentro del ***término de cumplimiento estricto de quince (15) días*** desde la fecha de la notificación de la orden o resolución, una moción de reconsideración de la orden o resolución.
> [...]
> La moción de reconsideración que ***no cumpla con las especificidades de esta regla será declarada "sin lugar" y se entenderá que no ha interrumpido el término para recurrir***. Una vez presentada la moción de reconsideración quedarán interrumpidos los términos para recurrir en alzada para todas las partes. Estos términos comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración.
> [...]

Ahora bien, los términos para la presentación o notificación de recursos apelativos o discrecionales pueden ser jurisdiccionales o de estricto cumplimiento. Los términos jurisdiccionales son fatales, pues no pueden ser prorrogados o extendidos, no importando las consecuencias procesales. *Rosario Domínguez et als. v. E.L.A,* 198 DPR 197, 208 (2017). Sin embargo, los términos de estricto cumplimiento pueden ser prorrogados o extendidos ***si existe justa causa para la dilación, y la misma es debidamente demostrada y acreditada ante el Tribunal***. *Div. Empleados Públicos UGT v. CEMPR,* supra; *Rivera Marcucci et al v. Suiza Dairy,* 196 DPR 157, 171 (2016); *Soto Pino v. Uno Radio Group,* supra, pág. 92. Es decir, los términos jurisdiccionales que no se cumplen en el término prescrito por ley, y los términos de estricto cumplimiento que no se observan sin justa causa, ***privan de jurisdicción al Tribunal que los atiende***.

Un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008). Estos tipos de recursos carecen de eficacia y no producen ningún efecto jurídico, pues, al momento de su presentación, su naturaleza prematura o tardía hace que el foro apelativo no tenga autoridad alguna para acogerlo. *Íd.* Conforme a lo que antecede, este Tribunal de Apelaciones puede desestimar, *motu proprio,* un recurso prematuro o tardío por carecer de jurisdicción.

Por ello, la Regla 83 del Reglamento del Tribunal de Apelaciones, *supra*, pág. 109, dispone que:

[...]

(B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:

1. *que el Tribunal de Apelaciones carece de jurisdicción;*

2. que el recurso fue presentado fuera del término de cumplimiento estricto dispuesto por ley sin que exista justa causa para ello;

3. que no se ha presentado o proseguido con diligencia o buena fe;

4. que el recurso es frívolo y surge claramente que no se ha presentado una controversia sustancial o que ha sido interpuesto para demorar los procedimientos;

5. que el recurso se ha convertido en académico.

(C) El Tribunal de Apelaciones, *a iniciativa propia*, podrá desestimar un recurso de apelación, o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

[...]

*Freire Ruiz de Val y otros v. Morales Román*, supra. (Énfasis suplido).

En el caso de los recursos presentados ante el Tribunal de Apelaciones, que provengan de resoluciones u órdenes del Foro Primario, que no sean de jurisdicción voluntaria, laudos de arbitraje o sentencias por alegación de culpabilidad, el término para recurrir es de *estricto cumplimiento*. A esos efectos, expone la

Regla 32 del Reglamento del Tribunal de Apelaciones, *supra,* pág. 47, lo siguiente:

> (C) El recurso de *certiorari* para revisar cualquier otra resolución, orden o dictamen revisable por esta vía de conformidad con la ley, incluida una orden de protección, así como revisar una sentencia final producto de una solicitud de revisión de un laudo de arbitraje del Tribunal de Primera Instancia se formalizará mediante la presentación de una solicitud dentro de los treinta días siguientes a la fecha del archivo en autos de una copia de la notificación de la resolución u orden recurrida, a menos que alguna ley especial aplicable disponga un término distinto. Este término es de cumplimiento estricto.

**III.**

El peticionario solicita que este Tribunal revise la determinación del Foro Primario de denegar su revisión de pensión alimentaria. Sin embargo, previo a adjudicar cualquier controversia jurídica, los Tribunales estamos llamados a auscultar nuestra jurisdicción. Habiendo hecho lo propio, concluimos que estamos vedados de atender el asunto en sus méritos.

En el análisis inicial del recurso de epígrafe, nos percatamos que la petición de reconsideración ante el Foro de Instancia fue hecha fuera del término de estricto cumplimiento de quince (15) días. En vista de la normativa antes esbozada, el término de estricto cumplimiento de treinta (30) días para presentar el *certiorari* de autos no quedó interrumpido con la solicitud de reconsideración presentada por Cotto Rivera el 10 de febrero de 2026. El mismo comenzó a cursar una vez el dictamen recurrido fue notificado, es decir, el 23 de enero de 2026. Sin embargo, el recurso ante nos fue radicado el 6 de mayo de 2026. Siendo *ambos términos* de estricto cumplimiento, concedimos al peticionario un término para presentar justa causa en la dilación del recurso.

En su escrito en cumplimiento, Cotto Rivera se limita a esbozar los efectos de la desestimación, a discutir los méritos de su

recurso y a discutir un argumento a la luz de la Regla 68.1 de Procedimiento Civil, *supra*, que no nos convence. La Regla 47 de Procedimiento Civil, *supra*, aplicable y normativa en el asunto en cuestión, dispone que los términos dispuestos en ella "comenzarán a correr nuevamente desde la fecha en que se archiva en autos copia de la notificación de la resolución resolviendo la moción de reconsideración".

La fecha de archivo en autos de la notificación de la resolución recurrida fue el 23 de enero de 2026. Los quince (15) días para solicitar reconsideración comenzaron a decursar ese día, y vencieron el 7 de febrero de 2026. Siendo este día un sábado, el término se extendió hasta el lunes 9 de febrero de 2026. La reconsideración fue peticionada el 10 de febrero de 2026. No habiendo demostrado el peticionario justa causa por la presentación tardía de la misma, y en consecución, del recurso de marras, procede que nos declaramos *sin jurisdicción* para atender el mismo.

**IV.**

Por los fundamentos antes esbozados, *desestimamos el recurso solicitado por tardío.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones